# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GERALD S. ADELMAN and GERALD S. ADELMAN & ASSOCS., LTD., ) ) ) ) | |
| Plaintiffs, ) ) | No. 07 C 836 |
| v. ) ) | Magistrate Judge Jeffrey Cole |
| TRUSTMARK INSURANCE COMPANY (MUTUAL) and STAR MARKETING AND ADMINISTRATION, INC., a/k/a STARMARK, ) ) ) ) ) ) | |
| Defendants. ) ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff and counter-defendant, Gerald S. Adelman, moves to dismiss the counterclaim of defendant and counter-claimant Trustmark Insurance Company.

Trustmark provided health insurance benefits for Gerald Adelman's company, Gerald S. Adelman & Associates. Mr. Adelman suffered a spinal cord injury while working out at his health club that left him a quadriplegic. Mr. Adelman underwent a course of treatment and rehabilitation, submitting claims for payment to Trustmark. But Trustmark failed to pay his physicians and therapists and, in the end, denied his claims and terminated his coverage. *See* Amended Complaint. Mr. Adelman sued under the Employee Retirement Income Security Act. Trustmark lodged a counterclaim against Mr. Adelman for insurance fraud. Mr. Adelman now moves to dismiss this counterclaim.

Trustmark's counterclaim is based on two submissions Mr. Adelman made to it during his treatment and rehabilitation. The first is a letter dated April 16, 2003. Although composed by Mr. Adelman, it was signed by his physician, Dr. Steven Nussbaum, and bore the rehabilitation institute's letterhead. The letter indicated that Mr. Adelman needed 20 hours per week of physical therapy, monthly visits to a physician, massage therapy, the use of a health club, and handicapped-friendly transportation. (Counterclaim, Ex. A). Trustmark alleges that, not only did Mr. Adelman's doctor not write the letter, he did not believe that Mr. "Adelman's use of a limousine service, personal trainer, or physical therapy in excess of 2 hours per day was medically necessary . . . ." (Counterclaim, ¶ 17). They were merely "beneficial." (*Id.*). Trustmark claims that if it had known Mr. Adelman's doctor had not written the letter, it would have contacted him and discovered that the recommendations were not a matter of medical necessity. (*Id.*, ¶ 18). Mr. Adelman represented that his physician authored the letter, and he knew this was not the case. (*Id.*, ¶¶ 19-20).

The second is a memorandum Mr. Adelman sent to Trustmark on June 20, 2003. Trustmark had informed Mr. Adelman that, in order to claim reimbursement for the services of his physical therapist, it would need detailed information including the therapist's tax identification number, the diagnosis and procedure codes for each service, and the therapist's signature. (Counterclaim, ¶ 29). Mr. Adelman's physical therapist, Laura Cooper, would not provide him with her taxpayer identification number or the codes. In fact, she wrote him that she "was merely a consultant with a physical therapy background, " and "was not treating [him] as a physical therapist in a clinical setting with insurance parameters and physician's prescriptions." (Counterclaim, ¶ 32, Ex. C). She said she was "gravely concerned that [he had] altered some of [her] documentation by putting letterhead and handwriting in some . . . codes without [her] consent." (*Id.*, ¶ 33, Ex. C). As with

2

an earlier conversation, Mr. Adelman had apparently agreed that he would not submit any of these documents. (*Id.*, ¶ 33, Ex. C).

On June 20, 2003, Mr. Adelman sent Trustmark a memorandum entitled "Compliance regarding Therapists." (*Id.*, ¶ 35). Under the heading "Therapist's Data," Mr. Adelman listed his therapist, Ms. Cooper, along with a taxpayer identification number, and diagnosis and procedure codes. (*Id.*, ¶ 35, Ex. D). The information, of course, had not come from Ms. Cooper. (*Id.*, ¶ 36).

Trustmark claims that Mr. Adelman's submission of the letter and the memo constitute insurance fraud under 720 ILCS 5/46-5(a). Mr. Adelman argues that Trustmark's counterclaim must be dismissed because neither the letter nor the memorandum constitute a "false claim" under the statute.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the plaintiff is entitled to relief." This "short and plain statement" must be enough "'to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. – , 127 S.Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under *Twombly*, a plaintiff is obligated to "provide the grounds of his entitlement to relief, and that requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do." 127 S.Ct. at 1964-65. (internal quotation marks, brackets, and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. The Court did "not require heightened fact pleading of specifics," but did demand that the complaint to contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. This was a change in pleading

3

jurisprudence, with the Court officially "retiring" *Conley's* fifty-year-old observation that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46, 78 S.Ct. 99; *Twombly,* 127 S.Ct. at 1969 ( *Conley's* "famous observation has earned its retirement."); *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 777 (7th Cir. 2007)(noting Seventh Circuit cases relying on *Conley* are "no longer valid in light of the Supreme Court's recent rejection of the famous remark . . .").

Two weeks after *Twombly,* the Supreme Court again took up the issue of pleading standards – this time in the context of a *pro se* complaint – in *Erickson v. Pardus,* – U.S. – , 127 S.Ct. 2197 (2007). In *Erickson,* the Court said that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). Something of a hedge on *Twombly*'s requirement of "enough facts to state a claim to relief that is plausible on its face" perhaps? The Seventh Circuit has read the two cases together to say "that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility,* 499 F.3d 663, 667 (7th Cir. 2007); *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 619 (7th Cir. 2007). Elsewhere, the Seventh Circuit has combined the two Supreme Court holdings to arrive at this seeming paradox: "Plaintiffs need not plead facts, . . . but they must give enough detail to illuminate the nature of the claim and allow defendants to respond." *George v. Smith,* 507 F.3d 605, 608 (7th Cir. 2007)(Easterbrook, C.J.).

4

Here, Trustmark has certainly pled both facts and details. The question Mr. Adelman raises is whether those facts and details make up a cause of action under 720 ILCS 5/46-5. Under that provision, an insurance company can seek damages against:

> [a] person who knowingly obtains, attempts to obtain, or causes to be obtained, by deception, control over the property of any insurance company by the making of a false claim or by causing a false claim to be made on a policy of insurance issued by an insurance company, or by the making of a false claim or by causing a false claim to be made to a self-insured entity intending to deprive an insurance company or self-insured entity permanently of the use and benefit of that property . . . .

720 ILCS 5/46-5(a). The statute broadly defines "false claim as:

> any statement made to any insurer, purported insurer, servicing corporation, insurance broker, or insurance agent, or any agent or employee of the entities, and made as part of, or in support of, a claim for payment or other benefit under a policy of insurance, or as part of, or in support of, an application for the issuance of, or the rating of, any insurance policy, when the statement contains any false, incomplete, or misleading information concerning any fact or thing material to the claim, or conceals the occurrence of an event that is material to any person's initial or continued right or entitlement to any insurance benefit or payment, or the amount of any benefit or payment to which the person is entitled.

720 ILCS 5/46-1(d)(5). Mr. Adelman argues that neither the letter nor the memo constitute false claims under the statute.

The counterclaim adequately alleges that the two documents contain false or misleading information. Trustmark claims that Dr. Nussbaum did not believe the recommendations in the letter were medically necessary for Mr. Adelman's treatment. This may or may not be the case, as Mr. Adelman contends that if the doctor did not agree with the purpose behind the letter, he would not have signed it. But at this point in the proceedings, Trustmark's allegations must be accepted as true. *Twombly*, 127 S.Ct. at 1965-66; *Erickson*, 127 S.Ct. at 2200.

5

The same may be said of Mr. Adelman's memorandum regarding physical therapy treatment. According to Trustmark's allegations, and the attached letter from Ms. Cooper, the services Ms. Cooper provided were not prescribed and not clinical. According to her, it was inappropriate to assign treatment codes to such services. She refused to submit any such documentation for an insurance claim. Mr. Adelman's protestations that he was simply supplying information that Trustmark requested are not reason to dismiss the count. As pled, the count says the information supplied was false insofar as Mr. Adelman was not receiving prescribed physical therapy treatments in a clinical setting. In the end, Trustmark's counterclaim is a "plain statement possess[ing] enough heft to show that the pleader is entitled to relief." *Twombly*, 127 S.Ct. at 1966 (internal quotations, brackets, and citations omitted).

## CONCLUSION

For the foregoing reasons, the plaintiff/counter-defendant's motion to dismiss the Counterclaim [#56] is DENIED.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 5/7/2008

6